UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
CLIPPER WONSILD TANKERS
  HOLDING A/S and KYLIE SHIPPING :
COMPANY LTD.
                Plaintiffs,     :

     - against -                    :

BIODIESEL VENTURES, LLC,     :
FULCRUM POWER SERVICES Lp, and
NATIONAL BIOFUELS Lp           :

                Defendant.     :
------------------------------------------------------X

07 CV 8704 (DC)
ECF CASE

VERIFIED AMENDED COMPLAINT

## VERIFIED AMENDED COMPLAINT

Plaintiff, CLIPPER WONSILD TANKSERS HOLDING A/S and KYLIE SHIPPING COMPANY LTD. ("Plaintiffs"), by and through their attorneys, Tisdale Law Offices LLC, as and for their Verified Complaint against the Defendants, BIODIESEL VENTURES, LLC, ("BIODIESEL"), FULCRUM POWER SERVICES Lp ("FULCRUM") and NATIONAL BIOFUELS Lp ("NATIONAL") allege, upon information and belief, as follows:

1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 United States Code § 1333.

2.    At all times material to this action, Plaintiff CLIPPER WONSILD TANKERS HOLDING A/S was, and still is, a foreign company duly organized and operating under foreign law and was the agent and representative of KYLIE SHIPPING COMPANY LTD. for all matters related to the charter party described more fully below.

3. At all times material to this action, Plaintiff KYLIE SHIPPING COMPANY LTD. was, and still is, a foreign company duly organized and operating under foreign law and was the Owner of the M/T CLIPPER KYLIE ("Vessel").

4. Upon information and belief, Defendant Biodiesel was, and still is, a foreign corporation or other business entity organized under and existing pursuant to the laws of the State of Texas, and was at all material times the voyage charterer of the Vessel.

5. Upon information and belief, Defendant Fulcrum was, and still is, a foreign corporation or other business entity organized under and existing pursuant to the laws of the State of Texas, and was at all material times an alter ego of Biodiesel as more fully set forth below.

6. Upon information and belief, Defendant National was, and still is, a foreign corporation or other business entity organized under and existing pursuant to the laws of the State of Texas, and was at all material times the alter ego of Biodiesel as more fully set forth below.

7. By a voyage charter party dated July 16, 2007 based on the standard ASBATANKVOY form with Riders ("Charter Party"), the Plaintiffs chartered the Vessel to the Defendant for a voyage between the United States and Europe.

8. Upon information and belief, the Charter Party between Biodiesel and Clipper was negotiated by individuals who served as officers and employees of Fulcrum and National and Biodiesel.

9. During the course of the Charter, certain disputes arose between the Plaintiffs and the Defendant regarding the Defendant's breaches of the charter party agreement including

2

failure to pay freight due and owing to Owners and other breaches which resulted in charges against the Owner which are the responsibility of the Charterer.

10. All disputes about these breaches have been discussed between Clipper and employees of National, Biodiesel and Fulcrum.

11. As a result of Biodiesel's breaches of the charter party, Plaintiffs have sustained damages in the total principal amount of **$549,556.7** exclusive of interest and arbitration costs.

12. The charter party provides that any disputes arising thereunder shall be referred to Arbitration in New York with U.S. law to apply.

13. Plaintiffs will soon commence arbitration in New York pursuant to the charter party.

14. Despite due demand made to Biodiesel, and Biodiesel's acknowledgement of its debt owed to Plaintiffs, Defendant has failed to pay the amounts due under the charter party.

15. Interest and arbitration costs are routinely awarded to the prevailing party in New York maritime arbitration. As best as can now be estimated, Plaintiff expects to recover the following amounts:

| | | |
|---|---|---:|
| A. | Principal claim: | $549,556.77 |
| B. | Estimated interest on claims:<br>3 years at 5%, compounded quarterly | $88,430.58 |
| C. | Arbitration costs: | $25,000.00 |
| **Total** | | **$662,987.35** |

**DEFENDANTS' RELATIONS**

I. <u>BIODIESEL and FULCRUM</u>

16. Upon information and belief, Biodiesel is the alter ego of Fulcrum because Fulcrum dominates and disregards Biodiesel corporate form to the extent that Fulcrum is actually carrying on Biodiesel business and operations as if the same were its own.

17. Upon information and belief, Defendant Biodiesel is an alias or agent of Fulcrum and/or Fulcrum is an alias, or agent of Biodiesel.

18. Upon information and belief, Defendants Biodiesel and Fulcrum share common ownership and operation such that Biodiesel is owned or managed by Fulcrum.

19. Upon information and belief, Fulcrum is the agent of Biodiesel, such that officers of Fulcrum negotiated the terms of the Charter Party on behalf of Biodiesel, specifically Ms. Kim Casey.

20. Upon information and belief, Biodiesel and Fulcrum share the same registered office at 5120 Woodway, Suite 10010, Houston, Texas.

21. Upon information and belief, Biodiesel and Fulcrum share the same officers and members, including Gerardo P. Manalac and Kim Casey.

22. Upon information and belief, Kim Casey, who serves as the Executive Vice President of Fulcrum, is also a member of and the contact person for Biodiesel, and signed a letter of indemnity on behalf of Biodiesel and in favor of Plaintiff Clipper Wonsild, for releasing cargo without original bills of lading.

23. Upon information and belief, Gerardo P. Manalac, who serves as the President and is a co-founder of Fulcrum, also signed a letter of indemnity on behalf of Biodiesel and in favor of Plaintiff Clipper Wonsild, for releasing cargo without original bills of lading.

24. Upon information and belief, Biodiesel and Fulcrum share the same registered office at 5120 Woodway, Suite 10010, Houston, Texas.

25. In the alternative, Biodiesel is merely a shell-corporation through which Fulcrum conducts its business.

II. BIODIESEL AND NATIONAL

26. Upon information and belief, Defendants Biodiesel and National are affiliated companies such that Biodiesel is managed and controlled by National.

27. Upon information and belief, Biodiesel is the alter ego of National because National dominates and disregards Biodiesel's corporate form to the extent that National is actually carrying on Biodiesel's business and operations as if the same were its own.

28. Upon information and belief, Biodiesel is an alias or agent of National and/or National is an alias, or agent of Biodiesel.

29. Upon information and belief, National is the agent of Biodiesel, such that officers of National negotiated the terms of the Charter Party on behalf of Biodiesel, specifically Ms. Kim Casey and Kevin Gorman.

30. Upon information and belief, Biodiesel and National share the same registered office at 5120 Woodway, Suite 10010, Houston, Texas.

31. Upon information and belief, Biodiesel and National share the same officers and members, including Kim Casey and Kevin Gorman.

32. Upon information and belief, Kevin Gorman, who serves as a partner and contact person for National, is the day to day contact person for all outstanding issues related to the Charter Party identified in this Amended Complaint.

33. In the alternative, Biodiesel is merely a shell-corporation through which National conducts its business.

34. The Defendant cannot be found within this District within the meaning of

5

Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but, upon information and belief, Defendant has, or will have during the pendency of this action, assets within this District and subject to the jurisdiction of this Court, held in the hands of garnishees within the District which are believed to be due and owing to the Defendant.

35. The Plaintiffs seeks an order from this court directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, and also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching, *inter alia*, any property of the Defendant held by any garnishees within the District for the purpose of obtaining personal jurisdiction over the Defendant, to compel arbitration and to secure the Plaintiffs' claim as described above.

**WHEREFORE**, Plaintiffs pray:

A. That process in due form of law issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Complaint, failing which default judgment be entered against it in the sum of **$662,987.35.**

B. That since the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, also pursuant to the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all goods, chattels, credits, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds up to the amount of **$662,987.35** belonging to, due or being transferred to, from, or for the benefit of the Defendant, including but not limited to such property as may be held,

received or transferred in Defendant's name or as may be held, received or transferred for its benefit at, moving through, or within the possession, custody or control of banking/financial institutions and/or other institutions or such other garnishees to be named, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

C. That pursuant to 9 U.S.C. §§201 et seq. this Court recognize and confirm any London arbitration award in Plaintiffs' favor against the Defendant as a judgment of this Court;

D. That this Court award Plaintiffs the fees and costs incurred in this action; and

E. That the Plaintiffs have such other, further and different relief as the Court deem just, proper and equitable.

Dated: October 23, 2007
New York, NY

The Plaintiffs,
CLIPPER WONSILD TANKERS
HOLDING A/S and KYLIE SHIPPING
COMPANY LTD.

By: /s/ Claurisse Campanale Orozco
Claurisse Campanale Orozco (CC 3581)
Thomas L. Tisdale (TT 5263)
TISDALE LAW OFFICES LLC
11 West 42nd Street, Suite 900
New York, NY 10036
(212) 354-0025 – phone
(212) 869-0067 – fax
corozco@tisdale-law.com
ttisdale@tisdale-law.com

## ATTORNEY'S VERIFICATION

State of New York   )
                    )   ss.:   City of New York
County of New York  )

1. My name is Claurisse Campanale-Orozco.

2. I am over 18 years of age, of sound mind, capable of making this Verification, and fully competent to testify to all matters stated herein.

3. I am an Associate in the firm of Tisdale Law Offices, LLC, attorneys for the Plaintiffs.

4. I have read the foregoing Verified Amended Complaint and know the contents thereof and believe the same to be true and accurate to the best of my knowledge, information and belief.

5. The reason why this Verification is being made by the deponent and not by the Plaintiffs is that the Plaintiffs are a business organizations with no officers or directors now within this District.

6. The source of my knowledge and the grounds for my belief are the statements made, and the documents and information received from, the Plaintiffs and agents and/or representatives of the Plaintiffs.

7. I am authorized to make this Verification on behalf of the Plaintiffs.

Dated:   October 23, 2007
         New York, NY

*/s/ Claurisse Campanale-Orozco*
Claurisse Campanale-Orozco