Judith A. Archer (JA-4446)
Sarah E. O'Connell (SO-0928)
Fulbright & Jaworski L.L.P.
666 Fifth Avenue
New York, New York 10019
Tel.: (212) 318-3000

*Attorneys for Defendant Fulcrum Power Services L.P.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CLIPPER WONSILD TANKERS HOLDING A/S
and KYLIE SHIPPING COMPANY LTD.,

        Plaintiffs,

-against-

BIODIESEL VENTURES, LLC, FULCRUM
POWER SERVICES LP and NATIONAL
BIOFUELS LP,

        Defendants.

Index No. 07-CV-8704 (DC)

**VERIFIED ANSWER**

---

Defendant Fulcrum Power Services L.P. ("Fulcrum"), by its undersigned attorneys, for its answer to the Verified Amended Complaint of Plaintiffs Clipper Wonsild Tankers Holding A/S and Kylie Shipping Company Ltd, dated October 23, 2007 (the "Amended Complaint"), alleges as follows:

**PARTIES**

1.     Fulcrum admits that Plaintiffs purport to identify the claim asserted as an admiralty and maritime claim under Rule 9(h) of the Federal Rules of Civil Procedure and

invoke the jurisdiction of this Court under 28 U.S.C. § 1333. The remainder of the paragraph constitutes a conclusion of law as to which no response is required.

2.   Fulcrum lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Amended Complaint and therefore denies them.

3.   Fulcrum lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Amended Complaint and therefore denies them.

4.   Fulcrum denies the allegations set forth in paragraph 4 of the Amended Complaint and avers that Biodiesel is a Delaware Limited Liability Company.

5.   Fulcrum admits that it is a limited partnership organized under and existing pursuant to the laws of the State of Texas and denies the remaining allegations set forth in paragraph 5 of the Amended Complaint.

6.   Fulcrum admits that National is a limited partnership organized under the laws of the State of Texas and denies the remaining allegations set forth in paragraph 6 of the Amended Complaint.

7.   Fulcrum respectfully refers the Court to the charter party referred to in paragraph 7 of the Amended Complaint for its contents; denies the truth of the allegations set forth in paragraph 7 of the Amended Complaint as they relate to Fulcrum and lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Amended Complaint as they relate to Biodiesel and National, and therefore denies them.

8. Fulcrum lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Amended Complaint and therefore denies them.

9. Fulcrum denies the truth of the allegations set forth in paragraph 9 of the Amended Complaint as they relate to Fulcrum, and lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Amended Complaint as they relate to National and Biodiesel and therefore denies them.

10. Fulcrum denies the truth of the allegations set forth in paragraph 10 of the Amended Complaint as they relate to Fulcrum, and lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 of the Amended Complaint as they relate to National and Biodiesel and therefore denies them.

11. Fulcrum lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Amended Complaint and therefore denies them.

12. Fulcrum respectfully refers the Court to the charter party referred to in paragraph 12 of the Amended Complaint for its contents and otherwise denies the truth of the allegations set forth in paragraph 12 of the Amended Complaint.

13. Fulcrum lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Amended Complaint and therefore denies them.

14. Fulcrum denies the truth of the allegations set forth in paragraph 14 of the Amended Complaint as they relate to Fulcrum, and lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Amended Complaint as they relate to Biodiesel and National and therefore denies them.

15. Fulcrum admits that Plaintiffs purport to demand $662,987.35 in principal, interest and costs from Defendants but denies that any sum is due from Fulcrum. Fulcrum lacks information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 15 of the Amended Complaint and therefore denies them.

16. Fulcrum denies the truth of the allegations set forth in paragraph 16 of the Amended Complaint.

17. Fulcrum denies the truth of the allegations set forth in paragraph 17 of the Amended Complaint.

18. Fulcrum denies the truth of the allegations set forth in paragraph 18 of the Amended Complaint.

19. Fulcrum avers that Kim Casey is an officer of the general partner of Fulcrum and otherwise denies the truth of the remaining allegations set forth in paragraph 19 of the Amended Complaint.

20. Fulcrum admits that its business address is 5120 Woodway, Suite 10010, Houston, Texas; denies that its registered address is 5120 Woodway, Suite 10010, Houston, Texas; denies that the registered address of Biodiesel is 5120 Woodway, Suite 10010, Houston, Texas, and otherwise denies the allegations of paragraph 20 of the Amended Complaint.

21. Fulcrum admits that Gerardo P. Manalac and Kim Casey are officers of the general partner of Fulcrum and that Kim Casey is an officer of Biodiesel, but otherwise denies the allegations set forth in paragraph 21 of the Amended Complaint.

22. Fulcrum admits that Kim Casey serves as the Executive Vice President of the general partner of Fulcrum. Fulcrum lacks information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 22 of the Amended Complaint and therefore denies them.

23. Fulcrum admits that Gerardo P. Manalac serves as President of the general partner of Fulcrum, and was one of Fulcrum's co-founders. Fulcrum lacks information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 23 of the Amended Complaint and therefore denies them.

24. Fulcrum refers to paragraph 20 of its Verified Answer for its response to paragraph 20 of the Amended Complaint.

25. Fulcrum denies the allegations set forth in paragraph 25 of the Amended Complaint.

26. Fulcrum admits that National is the sole member of Biodiesel, and states that the remainder of the allegations set forth in paragraph 26 of the Amended Complaint are conclusions of law as to which no response is required or are denied by Fulcrum.

27. Fulcrum states that the allegations set forth in paragraph 27 of the Amended Complaint are conclusions of law as to which no response is required or are denied by Fulcrum.

28. Fulcrum states that allegations set forth in paragraph 28 of the Amended Complaint are conclusions of law as to which no response is required.

29. Fulcrum denies that Kim Casey is an officer of National, denies that Ms. Casey negotiated the charter party, and otherwise lacks information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 29 of the Amended Complaint and therefore denies them.

30. Fulcrum denies the truth of the allegations set forth in paragraph 30 of the Amended Complaint.

31. Fulcrum denies the truth of the allegations set forth in paragraph 31 of the Amended Complaint.

32. Fulcrum denies that Gorman is a partner of National and otherwise lacks information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the Amended Complaint and therefore denies them.

33. Fulcrum states that the allegations set forth in paragraph 33 of the Amended Complaint are conclusions of law as to which no response is required.

34. Fulcrum admits that it is not located in the Southern District of New York and that it has assets located in the Southern District of New York. The remaining allegations of paragraph 34 of the Amended Complaint are conclusions of law to which no response is required or are denied by Fulcrum.

35. Fulcrum admits that plaintiffs seek the order referred to in paragraph 35 of the Amended Complaint but denies that plaintiffs are entitled to any such order as against Fulcrum, and otherwise denies the remaining allegations of paragraph 35.

## DEFENSES

Defendant Fulcrum states the following defenses without assuming the burden of proof on such defenses that would otherwise rest on Plaintiffs:

## FIRST DEFENSE

The Amended Complaint fails to state any claim against Defendant Fulcrum upon which relief may be granted.

## SECOND DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

## THIRD DEFENSE

Plaintiffs' damages (if any) are barred, in whole or in part, due to their failure to mitigate.

## FOURTH DEFENSE

Any damages sustained by Plaintiffs were not caused by any conduct of Fulcrum.

## FIFTH DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrines of waiver, estoppel or unclean hands.

WHEREFORE, Fulcrum denies that Plaintiffs are entitled to any relief on their Amended Complaint as against Fulcrum and demand judgment against Plaintiffs dismissing the Amended Complaint as against Fulcrum with prejudice, and awarding costs, attorneys' fees and such other and further relief as the Court may deem appropriate.

Dated: January 7, 2008
      New York, New York

                             Respectfully submitted,

By: _Judith A. Archer /so_____
     Judith A. Archer (JA-4446)
     Sarah E. O'Connell (SO-0928)
     666 Fifth Avenue
     New York, New York 10103
     Tel.: (212) 318-3000
     Fax: (212) 318-3400

*Attorneys for Defendant*
*Fulcrum Power Services L.P.*

## VERIFICATION

STATE OF TEXAS           )
                         )  ss.:
COUNTY OF HARRIS         )

David Zerhusen, being duly sworn, deposes and says:

    I am the General Counsel of Fulcrum Power Services L.P. ("Fulcrum"), defendant in this action, and am authorized to make this verification on its behalf. I have read the foregoing Answer and know the contents thereof to be true and correct to the best of my knowledge.

_____
David Zerhusen

Sworn to before me this
7th day of January, 2008

_____
Notary Public

