UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

CLIPPER WONSILD TANKERS HOLDING A/S and :
KYLIE SHIPPING COMPANY LTD., :

                Plaintiffs, :     07 CV 87074 (DC)
                     :     ECF CASE

        - against - :

BIODIESEL VENTURES, LLC, FULCRUM POWER :
SERVICES Lp, and NATIONAL BIOFUELS, Lp, :

              Defendants. :

---------------------------------------------------------------- x

## DEFENDANT NATIONAL BIOFUELS, LP'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT

Defendant National Biofuels, LP ("NBF"), by its attorneys, Locke Lord Bissell & Liddell LLP, answer Plaintiffs' Amended Complaint as follows:

1.       NBF admits the assertions contained in Paragraph 1 of the Amended Complaint as it pertains to the claims specifically asserted therein.

2.       Upon information and belief, NBF admits the assertions contained in Paragraph 2 of the Amended Complaint.

3.       Upon information and belief, NBF admits the assertions contained in Paragraph 3 of the Amended Complaint.

4.       NBF admits the assertions contained in Paragraph 4 of the Amended Complaint.

5.       NBF specifically denies that Fulcrum Power Services LP or any other entity is its alter ego. Upon information and belief, NBF admits the remaining assertions contained in Paragraph 5 of the Amended Complaint.

6.        NBF specifically denies that Biodiesel Ventures, LLC or any other entity is its alter ego.  Upon information and belief, NBF admits the remaining assertions contained in Paragraph 6 of the Amended Complaint.

7.        NBF admits the assertions contained in Paragraph 7 of the Amended Complaint.

8.        NBF specifically denies that the individuals who negotiated the charter party were acting in any capacity other than as representatives of Biodiesel Ventures.

9.        NBF admits that certain disputes arose relating to the charter party, but denies the assertions in Paragraph 9 of the Amended Complaint if the references to "Defendant" are meant to imply that the dispute involved any party other than Plaintiffs and Biodiesel Ventures.

10.       NBF admits that discussions have occurred regarding the dispute between Biodiesel Ventures and Plaintiffs.  Based upon information and belief, NBF denies that such discussions included individuals acting on behalf of any Defendant other than Biodiesel Ventures.

11.       NBF denies the amount of damages claimed in Paragraph 11 of the Amended Complaint and further asserts that it has offsetting claims against Plaintiffs.

12.       NBF admits the assertions contained in Paragraph 12 of the Amended Complaint.

13.       NBF admits that it has received notice of Plaintiffs' intent to proceed with arbitration.

14.       NBF disputes that amounts are due to Plaintiffs and further asserts that it has offsetting claims against Plaintiffs.

15.       NBF disputes that Plaintiffs are entitled to recover the amounts claimed in Paragraph 15 of the Amended Complaint.

16.       Biodiesel denies the assertions contained in Paragraph 16 of the Amended Complaint.

17.      Biodiesel denies the assertions contained in Paragraph 17 of the Amended Complaint.

18.      Biodiesel denies the assertions contained in Paragraph 18 of the Amended Complaint as phrased.

19.      Biodiesel denies that any such discussions alleged in Paragraph 19 of the Amended Complaint included individuals acting on behalf of any Defendant other than Biodiesel Ventures.

20.      NBF admits that Biodiesel Ventures and Fulcrum Power Services have offices at the same physical address.

21.      NBF denies that its officers and members are the same as those of Fulcrum Power Services as is alleged in Paragraph 21 of the Amended Complaint.

22.      NBF admits the assertions contained in Paragraph 22 of the Amended Complaint.

23.      NBF admits the assertions contained in Paragraph 23 of the Amended Complaint.

24.      NBF admits that Biodiesel Ventures and Fulcrum Power Services have offices at the same physical address.

25.      NBF denies the assertions contained in Paragraph 25 of the Amended Complaint.

26.      NBF admits that Biodiesel Ventures, LLC is a wholly-owned subsidiary of NBF, but denies the remaining allegations contained in Paragraph 26 of the Amended Complaint.

27.      NBF denies the assertions contained in Paragraph 27 of the Amended Complaint.

28.      NBF denies the assertions contained in Paragraph 28 of the Amended Complaint.

29.      Biodiesel denies that any such discussions alleged in Paragraph 29 of the Amended Complaint included individuals acting on behalf of any Defendant other than Biodiesel Ventures.

30.      NBF admits that Biodiesel Ventures and National Biofuels have offices at the same physical address.

31.    NBF denies that its officers and members are the same as Biodiesel Ventures, LLC as is alleged in Paragraph 31 of the Amended Complaint, although Biodiesel Ventures is a wholly-owned subsidiary of National Biofuels.

32.    NBF admits that Kevin Gorman has been involved in discussions with Plaintiffs, but denies that he has acted on behalf of any entity other than Biodiesel Ventures.

33.    NBF denies the assertions contained in Paragraph 33 of the Amended Complaint.

34.    NBF admits that it cannot be found within this District, but denies that any of its assets found within the District are subject to the jurisdiction of this Court.

35.    NBF denies that the relief requested in Paragraph 35 of the Amended Complaint is appropriate.

### AFFIRMATIVE DEFENSES

36.    NBF asserts that the claims of Plaintiffs set forth in the Amended Complaint, if any, are barred under the doctrine of setoff.

37.    NBF asserts that the claims of Plaintiffs set forth in the Amended Complaint, if any, are barred by prior material breach.

### PRAYER FOR RELIEF

WHEREFORE, NBF respectfully requests the following relief:

38.    Defendant NBF demands judgment dismissing the Amended Complaint herein as against it, and granting to it such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

### JURY DEMAND

39.    Defendant NBF demands trial by jury on all issues so triable.

Dated: New York, New York   Respectfully submitted,
   January 7, 2008    **LOCKE LORD BISSELL & LIDDELL LLP**

By: _____
    Kevin J. Walsh (KW 6083)
    Casey B. Howard (CH 4633)
    885 Third Avenue, 26th Floor
    New York, New York 11105
    212.812.8304
    Fax: 212.812.8364
    Attorneys for Defendant National Biofuels, LP

OF COUNSEL:

Kenneth E. McKay
**LOCKE LORD BISSELL & LIDDELL LLP**
600 Travis, Suite 3400
Houston, Texas 77002-3095
713.226.1127
Fax: 713.223.3717

6

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of **DEFENDANT NATIONAL BIOFUELS LP'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT** has been served via ECF in accordance with the Southern District's Rules on Electronic Service on the following counsel, this 7th day of January, 2008:

Claurisse Campanale Orozco
Thomas L. Tisdale
TISDALE LAW OFFICES LLC
11 West 42nd Street, Suite 900
New York, NY 10036

Casey B. Howard

NYC 60378v.1